IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FILED
U.S. DISTRICT COURT
M. D. GEORGIA
02 JUN 11  PM 4: 08
DEPUTY CLERK

ANTHONY J. ("TONY") BENNETTE,  :
Individually and for and on behalf of the  :
Aspen Company, Inc., a Georgia  :
corporation,  :
  :
      Plaintiff,  :
  :
vs.  :  CIVIL ACTION
  :  NO. 5:02-cv-0201-1(DF)
RONNIE N. SMITH and  :
GLENN BLAKE SMITH,  :
  :
      Defendants.  :

## COMPLAINT

**COMES NOW,** the Plaintiff, Tony Bennette, Individually and for and on behalf of

The Aspen Company, Inc., and respectfully shows this Court as follows:

### JURISDICTION, VENUE AND PARTIES

**1.**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331

and this Court's pendent jurisdiction over the state law claims alleged herein.

**2.**

This Court has personal jurisdiction over the Plaintiff who is a resident of Houston

County, Georgia.  At all times during the transactions complained of herein, the Plaintiff

was and continues to be a shareholder of the Aspen Company, Inc. ("Aspen Company")

within the meaning of F.R.C.P. 23.1 and O.C.G.A. §14-2-740.  This action is not a collusive

action to confer jurisdiction upon this Court. Jurisdiction is proper as set forth herein.

LAW OFFICES
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088



**3.**

The Plaintiff, Tony Bennette, is a shareholder of The Aspen Company because he is one of three shareholders owning outstanding shares of the Aspen Company, a Georgia for profit corporation. Tony Bennette is, under the settlement agreement sought to be enforced by this Complaint, the purchaser of all outstanding shares of Aspen Company stock.

**4.**

As a shareholder of the Aspen Company, the Plaintiff, Tony Bennette, has a direct economic interest in the corporation and also serves as a member of the Board of Directors of Aspen Company.

**5.**

This Court has personal jurisdiction over Defendant Ronnie N. Smith, who owns one-third of the outstanding shares of Aspen Company, is a resident of Houston County, Georgia, and is subject to the jurisdiction and venue of this Court. Defendant Ronnie N. Smith is also Secretary and a member of the Board of Directors of Aspen Company.

**6.**

This Court has personal jurisdiction over Defendant Glenn Blake Smith, who owns one-third of the outstanding shares of Aspen Company, is a resident of Houston County, Georgia, and is subject to the jurisdiction and venue of this Court. Defendant Glenn Blake Smith is also Treasurer and a member of the Board of Directors of Aspen Company.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**7.**

This Court is the proper venue for this matter pursuant to 28 U.S.C. §1391 because this is the judicial district and division in which all of the Defendants reside, it is the judicial district and division in which all or a substantial part of the events or omissions giving rise to the claim stated herein occurred, and it is the judicial district and division in which one or more of the Defendants is subject to personal jurisdiction.

## **FACTUAL BACKGROUND**

**8.**

The Aspen Company was formed in 1997 and has engaged in the business of land development for residential use in the Houston County area since its formation. It is headquartered in Houston County, Georgia, located in the Middle District of Georgia.

**9.**

Defendant Ronnie N. Smith has had primary responsibility for the management, day-to-day operations and financial affairs of Aspen Company. For example, Defendant Ronnie N. Smith has had primary responsibility and oversight of Steven J. Soke, development manager for Aspen Company, including the oversight for virtually all checks written on Aspen Company accounts and disbursement of Aspen Company funds.

**10.**

Defendant Glenn Blake Smith has been the primary assistant for Defendant Ronnie N. Smith in the management duties exercised by Defendant Ronnie N. Smith as described hereinabove.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**11.**

Plaintiff Tony Bennett and Defendants Ronnie N. Smith and Glenn Blake Smith have each engaged in the business of residential home construction through their own companies and as separate endeavors apart from the primary business of Aspen Company.

**12.**

Defendant Ronnie N. Smith is the sole shareholder of Silver Hammer, Inc., the primary entity through which Defendant Ronnie N. Smith constructs residential homes on Aspen Company development projects.

**13.**

Defendant Glenn Blake Smith is the sole shareholder of Papazon, Inc., the primary entity through which Defendant Glenn Blake Smith constructs residential homes on Aspen Company development projects.

**14.**

Defendants Ronnie N. Smith and Glenn Blake Smith are the sole shareholders of Sun King, Inc., an additional entity through which Defendants Ronnie N. Smith and Glenn Blake Smith construct residential homes and development contractor on Aspen Company development projects.

**15.**

Plaintiff Tony Bennette, through his company, Aspen Construction Company, Inc. (which is a separate and distinct entity apart from The Aspen Company, Inc., named Plaintiff

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

herein) constructs residential homes for sale on, among other properties, Aspen Company developments.

## 16.

Throughout the business history of Aspen Company, projects have been developed by, for and on behalf of Aspen Company through the efforts of the three shareholders with Defendant Ronnie N. Smith, on certain projects, being primarily responsible for engaging other business interests to secure the deals for the benefit of The Aspen Company.

## 17.

Beginning in or about 2000, Defendant Ronnie N. Smith made representations to the Plaintiff on numerous occasions and through the duration of the initial development of various projects, that his efforts were on behalf of the Aspen Company and for the purpose of securing additional land for future Aspen Company development.

## 18.

During the development of these various projects, Plaintiff Tony Bennette repeatedly asked Defendant Ronnie N. Smith for details concerning terms, closing dates, etc. regarding when Aspen Company would finalize the purchase of additional properties for additional Aspen Company developments for which Defendant Ronnie N. Smith (and, at times, Defendant Glenn Blake Smith) represented that Aspen Company would be closing very soon relative to the time of being questioned on these various properties.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 5 -

**19.**

Unknown to the Plaintiff and without the permission of the Plaintiff as a shareholder

of Aspen Company at the relevant times, various deals and business developments were

ultimately closed, not in the name and for the benefit of Aspen Company, but for Sun King

and other entities owned or controlled by the Defendants.

**20.**

Included in and among the various projects that were corporate opportunities of

Aspen Company and for which the Defendants represented that efforts were made to secure

additional properties for the benefit of future Aspen Company land development, but were

wrongfully diverted to entities owned and controlled by the Defendants, are:

    (a)     Harrison Point Subdivision, a 9.2 acre tract;

    (b)     Larry Hunt Property, a 33 acre tract; and

    (c)     Patriot Place Development, a 31.8 acre tract.

**21.**

The conveyance of these parcels of undeveloped properties to entities other than

Aspen Company was outside the normal course of business for The Aspen Company,

contrary to its interest and for the specific benefit of the Defendants and to the specific

detriment and harm of Aspen Company and Plaintiff Tony Bennette.

**22.**

Because the parties who acquired these valuable assets of Aspen Company were

themselves shareholders, officers and directors of Aspen Company, these transactions

constitute "conflicting interest" transactions within the meaning of O.C.G.A. §14-2-860.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**23.**

Plaintiff Tony Bennette, as a shareholder and director, was not afforded an opportunity to review and vote upon these conflicting interest transactions before they occurred. He, in fact, received no notice of them prior to consummation of the transactions, having learned of the details of the transactions after the fact.

**24.**

Because of Plaintiff's suspicions concerning the Defendants activities relative to Aspen Company, Plaintiff Tony Bennette reviewed certain bank records and company documents which he was able to access. A review of the materials revealed multiple checks that were written by and under the authority of Defendants on Aspen Company bank accounts that were not appropriate expenditures for the corporation or otherwise were not for appropriate debts owed by the corporation.

**25.**

In addition to the forgoing, a review of corporate records available to the Plaintiff revealed multiple checks and banking transfers to the friends, relatives and acquaintances of the Defendants on Aspen Company accounts and to individuals who provided no service to Aspen Company and for which Aspen Company was not indebted.

**26.**

In addition to the forgoing inappropriate transactions by the Defendants to the detriment of the Plaintiff corporation, the Defendants have written or directed others to write checks on the accounts of Aspen Company to fictitious individuals, said transactions being

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

- 7 -

wholly improper and wrongful and for the sole and direct benefit of the Defendants and resulting in harm to the Plaintiff corporation in excess of $350,000.00.

27.

Prior to the filing of this action, on May 23, 2002, the Plaintiff requested that the Defendants, by and on behalf of Aspen Company, furnish him additional information concerning the various transactions referenced herein. These requests have not been fully honored by the Defendants.

28.

Prior to filing this action, on May 23, 2002, the Plaintiff made written demand upon the corporation, as required by O.C.G.A. §14-2-742, that Aspen Company, Inc. conduct an investigation into these transactions and determine whether they were fair to the corporation or constitute a misappropriation of corporate assets or corporate opportunities by the officers, directors and shareholders in question.

29.

While the Defendant failed to fully respond to the desires of the Plaintiff regarding action to be taken by the Aspen Company, the Settlement Agreement (as hereinbelow described and defined) reached between the parties obviated the need for further action by the Defendants. Regardless, because the Plaintiff is a 1/3 shareholder and the Defendants against whom this action is brought own the remaining 2/3 shares of stock, this action is proper and timely.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**30.**

Because of the irreparable harm that will occur, and continues to occur, to Aspen Company if immediate action is not taken by this Court, the provision requiring the Plaintiff to wait 90 days before initiating an action is not applicable.

**31.**

Plaintiff Tony Bennette can conceive of no legitimate reason why the various properties would have been sold to "insiders". If these various projects were unproductive and unprofitable investments or suspected of being unprofitable for Aspen Company, the Defendants, as astute business men would not have wanted them. If these various projects remained good investments for Aspen Company, the Defendant, should not have acquired them and deprived Aspen Company of their future income and appreciation.

**32.**

After discovering the embezzlement, fraudulent and wrongful conduct of the Defendants, Tony Bennette, through his counsel, approached Defendants through their counsel, Attorney Roy N. Cowart, regarding the Defendants' conduct with respect to Aspen Company.

**33.**

A meeting was held on Thursday, May 23, 2002, in Warner Robins, Georgia at the offices of Roy N. Cowart, Attorney at Law. The parties and their respective counsel were present.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**34.**

The dispute between the parties with respect to Defendants' conduct was discussed among the shareholders with counsel present, as well as an additional witness, Steven J. Soke, Construction Manager of the Aspen Company.

**35.**

After negotiation by and between the parties, including the participation of all counsel for the parties, the defined terms of a proposed agreement was reached between the parties embodied in a proposal of settlement offered by Plaintiff to resolve all issues between the parties including the ownership and control of Aspen Company. The acceptance or rejection of the Plaintiff's proposal which by the Defendants was to be communicated by the Defendants' counsel Roy Cowart to Plaintiff's counsel, John Flanders Kennedy.

**36.**

The proposed agreement, among other things, was for the Defendants to sell their shares of stock to Plaintiff Tony Bennette and was to settle any and all claims and disputes between the parties. Alternatively, Defendants were shown a copy of a Complaint that was prepared by undersigned Plaintiff's counsel and told that if the negotiated proposal was not accepted from the Defendants, the complaint would be filed against them for the Defendants' wrongful and tortious conduct against the Aspen Company.

**37.**

The parties, with counsel, negotiated the terms of the specific proposal.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**38.**

Defendants and their counsel, Roy N. Cowart, informed Plaintiff that an answer regarding acceptance of the proposed settlement agreement would be provided to Plaintiff before the end of the day, May 23, 2002.

**39.**

Before 5:00 p.m. on May 23, 2002, Roy Cowart contacted Plaintiff's counsel via telephone and accepted the terms of Plaintiff's proposal, thereby effectuating a settlement agreement ("Settlement Agreement").

**40.**

The next day, May 24, 2002, Roy Cowart again contacted Plaintiff's counsel to confirm Defendants' acceptance of the proposal and confirm that the Settlement Agreement was reached. Mr. Cowart also requested that Plaintiff's counsel draft settlement documents to be signed by all of the parties.

**41.**

Consistent with and in accordance with the terms of the Settlement Agreement between the parties, Defendants requested part performance concerning certain aspects of the Settlement Agreement, including the immediate assumption of responsibility of certain projects and transfer of funds for payment of same.

**42.**

Plaintiff complied with Defendants' request and Plaintiff's counsel drafted documents to effectuate the part performance. These documents were transmitted to Defendant's counsel Roy Cowart on May 24, 2002.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**43.**

Mr. Cowart informed Plaintiff's counsel on May 24, 2002 that the above referenced documents would be signed by Defendants on Tuesday, May 28, 2002.

**44.**

In reliance upon the Settlement Agreement, Plaintiff assumed control of six houses under construction which were to be transferred to him under the terms of the Settlement Agreement. Plaintiff also began paying from his own funds, not Aspen Company funds, the subcontractors and general contractors associated with the construction of these homes and has continued to do so.

**45.**

In addition to the foregoing, consistent with the agreement reached between the parties and their reliance upon the Settlement Agreement, on the afternoon of May 24, 2002, the Plaintiff assumed immediate control of the Aspen Company office, its documents, assets and otherwise assumed control of all of the affairs of Aspen Company.

**46.**

Consistent with the understanding and agreement between the parties, and pursuant to the Settlement Agreement, the Defendants came to the Aspen Company office on the afternoon of May 23, 2002 and again on May 24, 2002, and, as they had previously agreed, removed their belongings from the Aspen Company office. The Defendants also removed their property from the storage building at the Harrison Pointe Sales Center on May 24, 2002.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**47.**

Consistent with the agreement reached between the parties and pursuant to the Settlement Agreement, Defendants made statements and representations to others that they had sold their interest in the Aspen Company to Tony Bennette and that Tony Bennette was the sole shareholder and owner of the Aspen Company.

**48.**

Consistent with the agreement reached between the parties and pursuant to the Settlement Agreement, the Defendants took other action and generally conducted themselves consistent with the terms of the Settlement Agreement they had reached with Plaintiff Tony Bennette.

**49.**

On May 30, 2002, while counsel for the Plaintiff was preparing the document reflecting the Settlement Agreement, Plaintiff's counsel was contacted by a new and different attorney for the Defendants. Plaintiff's counsel was informed that the Defendants wanted to renegotiate the terms of the Settlement Agreement.

**50.**

Plaintiff's counsel informed Defendants' new counsel, and has maintained at all times, that a Settlement Agreement was reached on May 23, 2002 and that the Plaintiff would seek to enforce same if Defendants attempted to breach the Settlement Agreement.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**51.**

Plaintiff's counsel was informed on the afternoon of Friday, June 7, 2002, that the

Defendants would not comply with the terms of the Settlement Agreement reached between

the parties on May 23, 2002.

**52.**

This Complaint seeks, <u>inter alia</u>, to enforce the Settlement Agreement reached

between the parties on May 23, 2002.

**COUNT I**
**VIOLATION OF THE FEDERAL RACKETEER INFLUENCED**
**AND CORRUPT ORGANIZATION ACT (RICO)**
**UNDER U.S.C §1962(c)**

**53.**

Plaintiff realleges and incorporates by reference herein each of the allegations of

Paragraphs 1 through 52 above.

**54.**

Each of the Defendants to this action is a "person" as that term is defined by 18

U.S.C. §1961(3).

**55.**

The Defendants associated in fact with each other to form an "enterprise" as that term

is used in 18 U.S.C. §1961(4).

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

–14–

## 56.

Beginning in or about 2000 and continuing through May, 2002, the Defendants along with others (to be identified and possibly later named as Defendants) associated together for the common purpose of defrauding Plaintiff as more particularly set forth hereinabove.

## 57.

The Defendants associated together for the common purpose of defrauding the Plaintiff by embezzling funds from the Aspen Company. Defendants adopted the activities of this enterprise as set forth in the paragraph hereinabove by participating in the conspiracy to defraud the Aspen Company in, among other ways, participating, facilitating and allowing the presentment of bogus checks, that is checks written to fictitious individuals and referred to by the Defendants as "bogeys". Defendants' participation in the conspiracy and scheme to defraud the Aspen Company renders them individually liable to the Plaintiff.

## 58.

The Defendants conducted and participated in the affairs of this enterprise as described herein. As part of their regular activities of this enterprise, the Defendants embezzled funds and usurped the corporate opportunities of the Aspen Company as set forth hereinabove. In particular, the Defendants engaged in embezzlement, theft by deception, fraud and other deliberate acts in an attempt to steal from the Aspen Company and personally benefit from same.

## 59.

In particular, Defendant Ronnie Smith, because of his relationship with individuals at local federally insured banking institutions, conspired to and consistently presented the

LAW OFFICES
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

fictitious checks, a/k/a "bogeys" to the banks where individuals known to Defendants and known to be complicitous with Defendants' schemes, were employed all for the purposes of illegally obtaining funds for the benefit of the Defendants and to the detriment of the Aspen Company.

## 60.

The Defendants, along with the others, conducted and participated in the affairs of this "enterprise" as described herein, and the "enterprise" engaged in the acts, practices, and transactions described hereinabove as part of the regular course of its activities.

## 61.

The activities of the Defendants' "enterprise" were in and affected interstate commerce.

## 62.

The Defendants "enterprise" engaged in a "pattern of racketeering activity" as that term is defined in 18 U.S.C. §1961(5). Among the predicate acts which give rise to this "pattern of racketeering activity" were the following:

(a) the use of the United States mails to perpetrate a fraud and to swindle Plaintiff in violation of 18 U.S.C. §1341;

(b) transporting money in interstate commerce knowing the same to have been stolen, converted or taken by fraud in violation of 18 U.S.C. §2314; and

(c) violation of 18 USC §1014 (false statements to a federally insured institution).

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**63.**

All of the predicate acts of racketeering activity described herein occurred after October 15, 1970, and within ten years of each other, in furtherance of an intentional scheme and artifice to defraud Plaintiff as set forth herein.

**64.**

As a direct and proximate result of the Defendants' violations of 18 U.S.C. §1962(c), Plaintiff has suffered substantial injuries to its business and property.

**65.**

Plaintiff is entitled to recover three (3) times the actual damages its sustained as a result of Defendants' violations of 18 U.S.C. §1962(c). Plaintiff is also entitled to recover, pursuant to 18 U.S.C. §1964(c), the costs of this suit, reasonable attorneys' fees, and prejudgment interest on the damages it has sustained.

## COUNT II
## VIOLATION OF THE GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, O.C.G.A. §16-14-1, et seq.

**66.**

Plaintiff realleges and incorporates by reference herein each of the allegations of Paragraphs 1 through 65 above.

**67.**

Each of the Defendants to this action is a "person" as defined by O.C.G.A. §16-14-4.

LAW OFFICES
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

–17–

**68.**

The Defendants associated in fact with each other to form an "enterprise" as that term is used in O.C.G.A. §16-14-3(6).

**69.**

Beginning in or about 2000 and continuing through May, 2002, the Defendants along with others, some of whose identities are known to the Plaintiff, associated together for the common purpose of defrauding Plaintiff as more particularly set forth hereinabove.

**70.**

The Defendants conducted or participated in the affairs of the "enterprise" through a "pattern of racketeering activity" as that term is defined in O.C.G.A. §16-14-3(8). Defendants have committed numerous, related acts of racketeering under the laws of the State of Georgia including theft by taking, theft by deception, and theft by conversion in violation of Article 1 of Chapter 8 of O.C.G.A. Title 16 and O.C.G.A. §16-14-3(9)(A)(x).

**71.**

The Defendants have also conducted and participated in the affairs of the "enterprise" through a "pattern of racketeering activity," as that term is defined in O.C.G.A. §16-14-3(8), by committing numerous, related acts of racketeering under the laws of the United States, which conduct is defined as racketeering activity under 18 USC §1961 and incorporated as predicate acts under Georgia law by O.C.G.A. §16-14-3(9)(A)(xxix), including mail fraud in violation of 18 USC §1341, and interstate transportation of property knowing the same to have been stolen, converted, or taken by fraud in violation of 18 USC §2314 and false statements to federally-issued institutions in violation of 18 USC §1014.

LAW OFFICES
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**72.**

All of the foregoing predicate incidents of racketeering activity occurred after July 1, 1980, and the last of such incidents within four years after the commission of a prior incident of racketeering activity.

**73.**

As a direct and proximate result of these Defendants' violations of O.C.G.A. §16-14-4(b), Plaintiff has suffered substantial injuries to its business and property.

**74.**

Plaintiff is entitled to recover against the Defendants jointly and severally three (3) times the actual damages sustained by it as a result of Defendants' violations of O.C.G.A. §16-14-4(b). Plaintiff is also entitled, pursuant to O.C.G.A. §16-14-4(c), to recover the costs and attorneys' fees of investigation and litigation reasonably incurred in connection with this suit. Plaintiff is further entitled to recover prejudgment interest on the damages it has sustained.

**75.**

As a result of their violation of O.C.G.A. §16-14-4(b), the Defendants should also be required to divest themselves of any interest in any real and personal property which was paid for, directly or indirectly, from the proceeds of their racketeering activities and/or which constitutes such proceeds.

LAW OFFICES
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

–19–

## SHAREHOLDERS DERIVATIVE ACTION BY ASPEN COMPANY
## (COUNTS III - IX)

### COUNT III
### CONVERSION

**76.**

Plaintiff incorporates and realleges by reference herein each of the allegations of Paragraphs 1 through 75 above.

**77.**

The actions of the Defendants constitute a conversion of corporate assets and opportunities for which the Defendants are individually liable.

**78.**

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

**79.**

As a consequence of Defendants' stubborn litigiousness, Defendants are liable to Plaintiff for all of Plaintiff's litigation expenses, including attorneys' fees, court costs, and other litigation expenses.

### COUNT IV
### FRAUD

**80.**

Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth herein below.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

−20−

**81.**

Defendants knowingly and wilfully devised and intended to devise a device, scheme, and artifice to defraud Plaintiff and to deprive it of its monies, funds, property, and assets in the manner and through the various means more fully described hereinabove.

**82.**

The actions of the Defendants constitute fraud upon the corporation for which the Defendants are liable for damages caused thereby.

## COUNT V
## BREACH OF FIDUCIARY DUTY

**83.**

Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth herein below.

**84.**

The actions of the Defendants constitute a breach of their fiduciary duties as corporate officers and directors of Aspen Company for which they are individually liable to the Corporation for all damages caused thereby.

**85.**

Defendants had the fiduciary duty to avoid conflicts of interest that would inure to the harm or detriment of Plaintiff.

**86.**

Defendants had the fiduciary duty to avoid unfair dealings that would inure to the harm or detriment of Plaintiff.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

–21–

**87.**

Defendants breached their fiduciary duty to Plaintiff by self-dealing as more

particularly set forth hereinabove.

**88.**

Defendants breached their fiduciary duty to Plaintiff by acting in bad faith as more

particularly set forth hereinabove.

**89.**

Defendants breached their fiduciary duty to Plaintiff by dealing unfairly with

Plaintiff as more particularly set forth hereinabove.

**90.**

Defendants breached their fiduciary duty to Plaintiff by engaging in conduct and

transactions which were in conflict with the interests of the Plaintiff as more particularly set

forth hereinabove.

**91.**

The breach of fiduciary duty to Plaintiff committed by Defendants proximately

caused Plaintiff to suffer damages.

**COUNT VI**
**USURPATION OF CORPORATE OPPORTUNITY**

**92.**

Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set

forth herein below.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**93.**

The actions of the Defendants constitute usurpation of corporate opportunities rightfully belonging to Aspen Company which has damaged Aspen Company and for which the Defendants are personally liable for all damages to the company.

**COUNT VII**
**CONFLICT OF INTEREST**

**94.**

Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth herein below.

**95.**

The actions of the Defendants constitute an action in conflict of interest with Aspen Company which has damaged Aspen Company and for which the Defendants are personally liable to the company.

**COUNT VIII**
**ATTORNEY'S FEES**

**96.**

Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth herein below.

**97.**

The wrongful and tortious actions and conduct of the Defendants render them liable for attorney's fees and expenses of litigation for which the Defendants are personally liable.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

## COUNT IX
## PUNITIVE DAMAGES

### 98.

Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth herein below.

### 99.

The actions of the Defendants are willful, wanton, with an intentional disregard to the rights of the Plaintiff, thereby warranting the imposition of punitive damages.

### 100.

In the event that the Court finds that the transactions were and are improper, Plaintiff Tony Bennette prays, _inter alia_, for an order rescinding the transactions and restoring these assets to The Aspen Company, Inc. with all cost thereof and any expenses, loses or damages suffered by The Aspen Company, Inc. in the meanwhile to be paid to the corporation by the Defendants.

### 101.

Defendants have willfully sought to conceal their wrongful acts.

### 102.

Defendants' acts and omissions as described herein were malicious and constitute an entire want of care as would raise a presumption of conscious indifference to the consequences.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

**103.**

As a result of Defendants' attempt to conceal their wrongful conduct and Defendants' conscious indifference as to the illegal acts by others to defraud Plaintiff, Plaintiff is entitled to recover punitive damages, pursuant to O.C.G.A. §51-12-5.1 and other applicable law, in an amount to be determined at trial.

**COUNT X**
**BREACH OF CONTRACT**

**104.**

The Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth hereinbelow.

**105.**

The actions of the Defendants and the anticipated action as communicated by defense counsel to Plaintiff's counsel regarding the Plaintiff's refusal to comply with the Settlement Agreement reached between the parties results in a breach of the contract between Tony Bennette and Defendants Ronnie N. Smith and Glenn Blake Smith.

**COUNT XI**
**SPECIFIC PERFORMANCE**

**106.**

The Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth hereinbelow.

**107.**

Because the Defendants negotiated for the terms of a settlement agreement with the Plaintiff and accepted and agreed to a settlement with the Plaintiff, with confirmation of

LAW OFFICES
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

same via their attorney, and because the Defendants now refuse to comply with the terms of the Settlement Agreement between the parties, the Plaintiff herein asks that this Court order specific performance by the Defendants to the Settlement Agreement reached between the parties.

## COUNT XII
## INJUNCTIVE RELIEF

### 108.

The Plaintiff incorporates and realleges all allegations set forth hereinabove as if fully set forth hereinbelow.

### 109.

Because of the tortious and wrongful conduct, and the criminal acts of the Defendants, injunctive relief is necessary in the form of a temporary restraining order and preliminary injunction to remove the Defendants as officers and directors of the Aspen Company and suspend their abilities to conduct any activities or take any action on behalf of the Aspen Company. Further, the Defendants should be enjoined from interfering, in any way, or attempting to represent to others that the Defendants can take any action on behalf of the Aspen Company.

### 110.

The injunctive relief sought by the Plaintiff will not only protect the Plaintiff but also be consistent with the Settlement Agreement between the Defendants and Plaintiff Tony Bennett and therefore not allow the rights of the parties to be impaired during the pendency of this lawsuit.

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

−26−

WHEREFORE, Plaintiff Tony Bennette, individually and as a shareholder and on behalf of the corporation itself, requests that this Court make an inquiry into these transactions and grant the following relief:

a) that the Plaintiffs have judgment as to Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI and XII;

b) that this Court enter a Temporary Restraining order to remove the Defendants as officers and directors of the Aspen Company;

c) that this Court implement the terms of the Settlement Agreement between the parties on a temporary basis until the Court can rule on a permanent basis regarding the allegations of the Complaint;

d) that this Court find a Settlement Agreement was reached between the parties, and thereby specifically enforce the Defendants' performance;

e) determine whether the requirements of Georgia Law pertaining to such conflicting interest transactions were complied with;

f) determine whether fair value was received by the corporation for all transactions;

g) determine whether these transactions in question represent a misappropriation of corporate assets of The Aspen Company, Inc. by individual shareholders, directors and officers thereof;

h) all transactions since 1997 be examined to determine whether there has been a dissipation of corporate assets or misappropation of corporate assets by the defendants;

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

i)      that this Court issue a Temporary Restraining Order restraining the defendants' ability to write checks, dispose of assets or conduct any business on behalf of corporation until further order of this Court;

j)      plaintiff prays for an award of reasonable expenses, including attorney's fees, for bringing this action to benefit the corporation, and as is authorized by O.C.G.A. §14-2-746 and other applicable law;

k)      that the Defendants be removed as officers and directors of The Aspen Company on an interlocutory basis;

l)      that the Plaintiff be permitted to expedite discovery of this case, including the immediate deposition of the Defendants for the purpose of marshaling all of the assets of the Aspen Company, Inc., the determination of all liabilities and generally obtain information from the Defendants for the purpose of properly managing the Aspen Company, Inc. during the pendency of this suit and as to the Settlement Agreement, implementation and actions;

m)      that the Plaintiff have a trial by jury; and

n)      that this Court order such other and further relief as it deems just and proper.

This 11th day of June, 2002.

JOHN FLANDERS KENNEDY
Georgia Bar No. 414 830

EMILY K. TURNER
Georgia Bar No. 719424

ATTORNEYS FOR PLAINTIFF

Hall, Bloch, Garland & Meyer, LLP
577 Mulberry Street, Ste. 1500
P. O. Box 5088
Macon, GA 31208-5088
(478) 745-1625

**LAW OFFICES**
HALL, BLOCH,
GARLAND & MEYER, LLP
P.O. BOX 5088
MACON, GEORGIA
31208-5088

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY J. ("TONY") BENNETTE,  :
Individually and for and on behalf of the  :
Aspen Company, Inc.,  :
                                 :
       Plaintiff,  :
                                 :
vs.  :     CIVIL ACTION
                                 :     NO.
RONNIE N. SMITH and  :
GLENN BLAKE SMITH,  :
                                 :
       Defendants.  :

## **VERIFICATION**

Personally appeared before me, an officer duly authorized to administer oaths,

Anthony J. ("Tony") Bennette who states under oath that he is the Plaintiff named in the

above and foregoing Complaint and that the facts contained within said Complaint are

true and correct.

This _11th_ day of _June_____, 2002.

_____
Anthony J. Bennette

Sworn to and subscribed before me
this _11th_ day of _June_____, 2002.

_Elaine L. Deaton_____
Notary Public

Notary Public, Bibb County, Georgia
My Commission Expires July 20, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY J. ("TONY") BENNETTE,  :
Individually and for and on behalf of the  :
Aspen Company, Inc.,  :
  :
      Plaintiff,  :
  :
vs.  :    CIVIL ACTION
  :    NO.
RONNIE N. SMITH and  :
GLENN BLAKE SMITH,  :
  :
      Defendants.  :

## VERIFICATION

Personally appeared before me, an officer duly authorized to administer oaths,

Anthony J. ("Tony") Bennette who states under oath that he is the Plaintiff named in the

above and foregoing Motion for Temporary Restraining Order and Injunction and that the

facts contained within said Motion are true and correct.

This _11th_ day of _June_, 2002.

_____
Anthony J. Bennette

Sworn to and subscribed before me
this _11th_ day of _June_, 2002.

_____
Notary Public

Notary Public, Bibb County, Georgia
My Commission Expires July 20, 2004.